### McINTYRE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 27, 1907.)

NEW TRIAL—DETERMINATION OF MOTION—JUDGMENT OF DISMISSAL.

Where, in an action for wrongful death, the cause of death was not sufficiently connected with the injury to warrant a finding that the death was caused by it, an order setting aside a verdict for plaintiff was proper; but a judgment dismissing the complaint was improper, where there was at least a possibility that upon a new trial he could produce sufficient evidence to supply the defective proof.

Appeal from City Court of New York.

Action by Patrick J. McIntyre, administrator of Morris Dorian, deceased, against the Interurban Street Railway Company. From an order setting aside a verdict, and from a judgment dismissing the complaint, plaintiff appeals. Order affirmed, and judgment reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Edward A. McCue (Edward Hymes and Henry Goldey, of counsel), for appellant.

Henry A. Robinson (Walter Henry Wood, of counsel), for respondent.

PER CURIAM. The action is for damages caused by the alleged killing of plaintiff's intestate by the defendant's car. At the end of plaintiff's case defendant moved to dismiss the complaint upon the ground, among others, that plaintiff had failed to prove that the deceased died as a result of injuries received by reason of defendant's negligence. The court reserved decision on the motion and permitted the jury to pass upon the question of fact. No evidence was offered by defendant. The jury gave a verdict of $250 in favor of plaintiff. Defendant moved to set aside the verdict and for a new trial on all the grounds stated in section 999 of the Code, except that of insufficient damage. Later on the court rendered a decision setting aside the verdict and dismissing the complaint, upon the ground that, as stated in his opinion, "the cause of death has not been sufficiently connected with the injury to warrant a finding that the death was so caused by said injury." From the judgment dismissing the complaint, with costs, plaintiff appeals; and also plaintiff appeals from the order setting aside the verdict.

The order should be affirmed, with $10 costs; but the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event, upon the ground that upon a new trial there is at least a possibility that plaintiff may be able to produce sufficient evidence to supply the defective proofs as to the cause of death.

Order setting aside verdict affirmed, with $10 costs and disbursements.

Judgment dismissing complaint reversed, and new trial ordered, with costs to appellant to abide the event.